RICH MICHAELSON MAGALIFF, LLP  
335 Madison Avenue, 9th Floor  
New York, NY 10017  
646.453.7851  
Howard P. Magaliff  

Hearing date and time: 6/6/22 at 10:00 AM  
Objection date and time: 6/1/22 at 5:00 PM  

*Attorneys for Howard P. Magaliff, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
--------------------------------------------------------------- x  
In re:                                                          :  
                                                                :     Chapter 7  
GUALACEO REALTY CORP.,                                          :     Case No. 22-22099 (RDD)  
                                                                :  
                            Debtor.[1]                          :  
--------------------------------------------------------------- x  

# NOTICE OF HEARING ON TRUSTEE'S MOTION TO SELL THE DEBTOR'S PROPERTY LOCATED AT 1838 WESTCHESTER AVENUE, BRONX, NEW YORK FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO SECTIONS 363(b) AND (f) OF THE BANKRUPTCY CODE

**PLEASE TAKE NOTICE** that a hearing to consider the Trustee's motion to approve the sale of real property owned by the debtor will be held on June 6, 2022 at 10:00 a.m. before the Honorable Robert D. Drain, United States Bankruptcy Judge. The hearing will be conducted virtually using Zoom for Government. Parties wishing to appear must register in advance using the Electronic Appearance portal located on the Court's website at *http://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl*.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the motion and proposed sale, if any, must be in writing, conform to the Federal Rules of Bankruptcy Procedure and be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties in interest, on a 3.5 inch disk, in text-searchable Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (in either case, with a hard copy delivered to Chambers), and be served upon (i) Howard P. Magaliff, Esq., Rich Michaelson Magaliff, LLP, 335 Madison Avenue, 9th Floor, New York, NY 10017, and by email to *hmagaliff@r3mlaw.com*, and (ii) Paul Schwartzberg, Esq., Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, and by email to *paul.schwartzberg@usdoj.gov* so as to be actually received no later than June 1, 2022 at 5:00 PM.

---

[1]    The last four digits of the Debtor's employer identification number are 4584.

{00041002v3 }

**PLEASE TAKE FURTHER NOTICE** that only objections made in writing and timely filed and received will be considered by the Bankruptcy Court at the hearing.

Dated: New York, New York
May 2, 2022

RICH MICHAELSON MAGALIFF, LLP
Attorneys for the Trustee
By:

/s/ Howard P. Magaliff
HOWARD P. MAGALIFF
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851
*hmagaliff@r3mlaw.com*

RICH MICHAELSON MAGALIFF, LLP  
335 Madison Avenue, 9th Floor  
New York, NY 10017  
646.453.7851  
Howard P. Magaliff  

Hearing date and time: 6/6/22 at 10:00 AM  
Objection date and time: 6/1/22 at 5:00 PM  

*Attorneys for Howard P. Magaliff, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------------ x  
In re:                                                                    :  
                                                                                :    Chapter 7  
GUALACEO REALTY CORP.,                                  :    Case No. 22-22099 (RDD)  
                                                                                :  
                                             Debtor.[1]            :  
------------------------------------------------------------ x  

## TRUSTEE'S MOTION TO SELL THE DEBTOR'S PROPERTY LOCATED AT 1838 WESTCHESTER AVENUE, BRONX, NEW YORK FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO SECTIONS 363(b) AND (f) OF THE BANKRUPTCY CODE

TO THE HONORABLE ROBERT D. DRAIN,  
UNITED STATES BANKRUPTCY JUDGE:

Howard P. Magaliff, the chapter 7 trustee (the "Trustee") of the estate of Gualaceo Realty Corp. (the "Debtor"), by his attorneys Rich Michaelson Magaliff, LLP, respectfully submits this motion for an order pursuant to sections 363(b) and (f) of the Bankruptcy Code, title 11, United States Code (the "Bankruptcy Code"), Rule 6004 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 6004-1 authorizing him to sell the Debtor's real property located at 1838 Westchester Avenue, Bronx, New York (the "Property") free and clear of liens and interests, with liens and interests to attach to the proceeds, and states:

### INTRODUCTION

1. On May 18, 2021, Alejandro Quito and Rosa Quito (the "Quito Debtors") filed a voluntary *pro se* petition under chapter 7 of the Bankruptcy Code. Howard P. Magaliff is

---

[1] The last four digits of the Debtor's employer identification number are 4584.

{00041002v3 }

the trustee of the Quito Debtors pursuant to section 702(d) of the Bankruptcy Code (the "Quito Trustee").

2.     By Order dated September 7, 2021 (the "Operating Order"), the Quito Trustee was granted the authority pursuant to section 721 of the Bankruptcy Code to operate and manage the Quito Debtors' businesses and properties in which they have an interest, including without limitation the Property through the Quito Debtors' 100% ownership of Gualaceo Realty Corp. The Property is a mixed-use building with four residential and two commercial units.

3.     The shares of stock in the Debtor are property of the Quito Debtors' estate. On March 2, 2022 (the "Petition Date"), the Quito Trustee, acting through ownership of the shares of stock in the Debtor, filed a voluntary petition for the Debtor under chapter 7 of the Bankruptcy Code. The Quito Trustee was appointed as the interim chapter 7 trustee of the Debtor, and is the trustee pursuant to section 702(d) of the Bankruptcy Code. The purpose for the filing is to enable the Property to be sold.

4.     By Order dated March 16, 2022 [doc. 8], the Trustee retained MYC & Associates, Inc. ("MYC") as property manager and real estate broker. MYC began managing the Property under the authority granted to the Quito Trustee in the Operating Order and continues to do so. However, the Quito Trustee's authority under the Operating Order expired on March 6, 2022. On April 18, 2022, the Court entered an Order in this case under section 721 of the Bankruptcy Code [doc. 22] authorizing the Trustee to operate and manage the Debtor's business until he is able to market and sell the Property with value for the benefit of creditors.

5.     By Order dated April 13, 2022 [doc. 21] (the "Sale Procedures Order"), the Court scheduled an auction sale of the Property for June 2 (the "Auction Sale"), approved bidding procedures and terms and conditions of sale, and scheduled a hearing to consider this Motion (the "Sale Approval Hearing") for June 6.

{00041002v3 }                                      2

## MARKETING AND SALE OF THE PROPERTY

6. MYC developed and implemented a marketing program, and has been actively showing the Property to interested parties. MYC's marketing plan includes, but is not limited to:

- NY Real Estate Journal (print and digital)

  Full Page Color Ads
  "Hot Property" Email Alert to their Database (3,500+ subscribers)
  5,000 Impression Website Banner (320 pixel x 320 pixel)

- NY Times (print and online)

- Loopnet

- MYC (all digital)

  Website
  MYC Email Newsletter to its database (3,500 subscribers)

- Place "For Sale" signs on the Property to attract interest from local vehicular and pedestrian traffic

- Social Media Posts (Instagram and LinkedIn)

- ADWERX (targeted advertising on social media, TV and the web)

- MLS (Multiple Listing System)

MYC will continue to actively market the Property until the Auction Sale, and will provide a copy of the Terms and Conditions of Sale and the Bidding Procedures to each person who expresses an interest in the Property. The Trustee believes that the marketing efforts will be more than sufficient for the Property under the circumstances.

7. The Auction Sale will take place on June 2 at 2:00 p.m. at the Property, or by Zoom or other comparable online platform, or at such later date and time as chosen by the Trustee in consultation with Westchester Avenue Mixed Use LLC, the Debtor's senior secured lender (the "Senior Lender"). The auction will be conducted by Marc Yaverbaum or Victor

Moneypenny of MYC. The initial bid at the auction will be $1,500,000, with successive bids in increments of $25,000 or such other amount as the auctioneer, in consultation with the Trustee and the Senior Lender, determines. Notwithstanding the foregoing, pursuant to section 363(k) of the Bankruptcy Code the Senior Lender shall have the right to credit bid at the auction the amount of its allowed secured claim as agreed with the Trustee without the requirement of posting a deposit. At the conclusion of the auction, the auctioneer will announce the highest and second highest bidders. Each bidder is required to provide a 10% deposit.

## APPLICABLE AUTHORITY

### A.    The Proposed Sale is Within the Trustee's Sound Business Judgment

8. Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate …" 11 U.S.C. § 363(b)(1). In addition, section 105(a) provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

9. In determining whether to approve a proposed sale under section 363(b), courts require that the sale be based upon the sound business judgment of the debtor. *In re G.S. Distrib., Inc.*, 331 B.R. 552, 559 (Bankr. S.D.N.Y. 2005). *See also Licensing by Paolo v. Sinatra (In re Gucci)*, 126 F.3d 380, 387 (2d Cir.1997) ("A sale of a substantial part of a Chapter 11 estate may be conducted if a good business reason exists to support it."); *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir.1983); *In re Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir.1992) (holding that a judge determining a § 363(b) application must find from the evidence presented before him a good business reason to grant such application); *In re Enron Corp.*, 284 B.R. 376, 392 n. 15 (Bankr.S.D.N.Y.2002). "Although Sec-

tion 363 of the Bankruptcy Code does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets, courts in … this Circuit have required that it be based upon the sound business judgment of the debtor." *In re RSL COM PrimeCall Inc.*, No. 01-11457 (ALG), 2002 Bankr. LEXIS 367 at *26-27 (Bankr. S.D.N.Y. Apr. 11, 2002). Once the Trustee articulates a sound business justification, there "'is a presumption that in making a business decision the [decision maker] acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" *Official Comm. of Subordinated Bondholders v. Integrated Resources, Inc. (In re Integrated Resources, Inc.)*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993) (citation omitted).

10. The Trustee believes that the Auction Sale of the Property constitutes the prudent and proper exercise of his business judgment, and should be approved pursuant to section 363(b) of the Bankruptcy Code. The Trustee submits that proceeding with approval of the Auction Sale to the Successful Bidder or Second Highest Bidder, after the marketing efforts undertaken and to be undertaken, maximizes the value that the estate will receive for the Property.

11. Based on all of the foregoing, sound business reasons exist to justify the sale of the Property. Therefore, the Trustee submits that the proposed sale to the Successful Bidder, or the Second Highest Bidder if the Successful Bidder fails to close, on the Terms and Conditions of Sale pursuant to section 363(b) of the Bankruptcy Code, should be approved.

B. **Sale Pursuant to Section 363(f) is Appropriate**

12. The Property will be sold "as is" and "where is" pursuant to section 363(f) of the Bankruptcy Code, free and clear of all liens, claims and interests of entities other than the estate of whatever kind or nature, with such liens, claims, interests and encumbrances, if any, to attach to the proceeds of the auction sale in such order and priority as they existed immediately

prior to the date of the auction sale, and subject to, among other things: (a) any state of facts that an accurate survey would show; (b) any covenants, restrictions and easements of record; (c) any state of facts a physical inspection may show; (d) any building or zoning ordinances or other applicable municipal regulations and violations thereof; (e) environmental conditions; (f) any damage or destruction between the date of the Auction Sale and the date of the Closing; (g) all deed restrictions; and (h) all valid written leases and tenancies.

13. Section 363(f) of the Bankruptcy Code provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

14. The Trustee submits that section 363(f) is satisfied in this case because, *inter alia*, the Senior Lender consents to the Auction Sale, and any other entity with a lien against the Property could be compelled to accept a money satisfaction of its interest.

**C.    The Successful Bidder(s) are Entitled to the
        Protections of Bankruptcy Code Section 363(m)**

15. Section 363(m) of the Bankruptcy Code provides certain protections to good faith purchasers. Section 363(m) provides, in relevant part:

{00041002v3}                                                    6

> The reversal or modification on appeal of an authorization under subsection (b) … of this section of a sale … of property does not affect the validity of a sale … under such authorization to an entity that purchased … such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale … were stayed pending appeal.

11 U.S.C. §363(m). While the Bankruptcy Code does not define "good faith," it has been held that:

> [g]ood faith of a purchaser is shown by the integrity of his conduct during the course of the sale proceedings … A purchaser's good faith is lost by 'fraud, collusion between the purchaser and other bidders or the trustee, or any attempt to take grossly unfair advantage of other bidders.'

*Licensing by Paola v. Sinatra (In re Gucci)*, 126 F.3d at 390 (citations omitted).

16. No facts exist here that would preclude the Successful Bidder or Second Highest Bidder from obtaining section 363(m) protections. The Trustee submits that the Successful Bidder and Second Highest Bidder will have participated in the Auction Sale in good faith, and without any collusion, and the sale will be the result of an arm's length transaction between the Trustee and the bidders. Accordingly, the Trustee requests that the Court make a finding that the Successful Bidder, or Second Highest Bidder if the Successful Bidder fails to close, is entitled to the protections of section 363(m) of the Bankruptcy Code.

**D.    Closing Expenses**

17. Finally, the Trustee seeks authority to pay closing expenses, if required or appropriate, from the proceeds at or subsequent to closing, including the secured claim of the Senior Lender.[2] The Trustee shall pay the Senior Lender up to the full value of its secured claim

---

[2] Pursuant to a *Stipulation (i) Settling and Allowing the Claims of Westchester Avenue Mixed Use LLC; (ii) Determining Westchester Avenue Mixed Use LLC Has First Priority Liens on the Debtor's Property; (iii) Directing the Sale of the Debtor's Real Property; and (iv) Granting Related Relief* between the Trustee and the Senior Lender (the "Senior Lender Stipulation"), the parties agreed to certain carve-outs for administrative expenses if the sale proceeds are insufficient.

less any agreed carve-outs pursuant to the Senior Lender Stipulation subject to and consistent with § 506(a) of the Bankruptcy Code.

18. The Order authorizing MYC's retention provides that "all compensation and reimbursement shall be subject to a proper application therefor under 11 U.S.C. §§ 328(a) and 330 and the applicable Bankruptcy Rules, Local Bankruptcy Rules, and fee and expense guidelines and orders of the Court; provided, that any application for a buyer's premium may be included in the Trustee's motion for authority to sell the Property …" The Trustee intends to pay MYC its commission at closing as provided in the retention Order and pursuant to the Senior Lender Stipulation, and seeks authority to do so in this Motion.

## RELIEF FROM 14-DAY AUTOMATIC STAY UNDER BANKRUPTCY RULE 6004(h)

19. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property … is stayed until the expiration of 14 days after entry of the order, unless the Court orders otherwise." Relief from the 14-day stay would enable the Trustee to close on the sale as promptly as possible, relieving the estate of any further burdens or costs imposed for management of the Property, including the accrual of taxes. The Terms and Conditions of Sale require the Successful Bidder to close within 21 business days after entry of the approval order. The Trustee requests that the order approving the Auction Sale be effective immediately by providing that the 14-day stay is waived.

20. The Trustee has given notice of the Auction Sale and this Motion as required by the Sale Procedures Order which approved notice provisions, and submits that notice is therefore good, sufficient and appropriate.

21. No prior request for the relief sought has been made.

{00041002v3}                                      8

**WHEREFORE**, for the foregoing reasons, the Trustee requests that the Court (i) approve the Auction Sale, (ii) confirm the Successful Bidder and the Second Highest Bidder, and (iii) authorize the sale of the Property pursuant to sections 363(b) and (f) of the Bankruptcy Code, and enter the order in the form attached as Exhibit 1, together with such other and further relief as the Court considers appropriate under the circumstances.

Dated:  New York, New York
        May 2, 2022

RICH MICHAELSON MAGALIFF, LLP
Attorneys for the Trustee
By:

/s/ Howard P. Magaliff
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851
*hmagaliff@r3mlaw.com*

# **EXHIBIT 1**

{00041002v3 }

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
In re:                                                           :
                                                                 :    Chapter 7
GUALACEO REALTY CORP.,                                           :    Case No. 22-22099 (RDD)
                                                                 :
                                   Debtor.[1]                    :
---------------------------------------------------------------- x

## ORDER AUTHORIZING THE SALE OF THE DEBTOR'S PROPERTY LOCATED AT 1838 WESTCHESTER AVENUE, BRONX, NEW YORK FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO SECTIONS 363(b) AND (f) OF THE BANKRUPTCY CODE

Upon the motion dated May 2, 2022 (the "Motion") of Howard P. Magaliff (the "Trustee"), the chapter 7 trustee of Gualaceo Realty Corp. (the "Debtor"), by his attorneys Rich Michaelson Magaliff, LLP, for an order pursuant to sections 363(b) and (f) of the Bankruptcy Code, title 11, United States Code (the "Bankruptcy Code"), Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 6004-1 authorizing him to sell the real property located at 1838 Westchester Avenue, Bronx, NY (the "Property") free and clear of liens and interests; and due and sufficient notice of the Motion having been given in accordance with this Court's Order (the "Sale Procedures Order") dated April 13, 2022 [doc. 21] (i) scheduling (a) the auction sale of the Property for June 2, 2022 at 2:00 p.m. and (b) the hearing before this Court for June 6, 2022 at 10:00 a.m. to consider the Trustee's Motion; (ii) approving the terms and conditions of sale (the "Terms and Conditions of Sale"); (iii) approving the bidding procedures (the "Bidding Procedures"); and (iv) approving the notice of auction sale and hearing (the "Notice"); and being that a sale of the Property is in the best interests of the estate and its creditors, and parties in interest; and the Auction Sale having been conducted on June 2, 2022; and a hearing (the "Sale Hearing") having been held on June 6 2022, and the

---

[1] The last four digits of the Debtor's employer identification number are 4584.

{00041002v3 }

Court having considered the arguments of all counsel and interested parties wishing to be heard who appeared at the Sale Hearing, and the Court having found and concluded that the sale of the Property at this time is in the best interests of the estate and its creditors, as well as other parties in interest and is supported by good business reason; and _____ having been named the Successful Bidder and _____ having named the Second Highest Bidder at the conclusion of the Auction Sale; and there being no objections to the Motion, and no adverse interest appearing, and good and sufficient cause existing for the relief requested, the Court hereby **FINDS** and **CONCLUDES** that:

    A.    Notice of the Auction Sale and the Sale Hearing was good, adequate and sufficient, and all parties in interest were given the opportunity to object to the proposed sale and be heard.

    B.    The Property was adequately marketed.

    C.    The conduct of the Auction Sale was appropriate and there was no collusive bidding.

    D.    _____, with a bid of $_____, is confirmed as the Successful Bidder with the highest and best offer for the Property.

    E.    _____, with a bid of $_____, is confirmed as the Second Highest Bidder.

    F.    Closing with either the Successful Bidder or the Second Highest Bidder provides fair and reasonable consideration to the estate.

    G.    The Trustee has demonstrated sound and prudent business judgment in deciding to sell the Property and approving the Successful Bidder and the Second Highest Bidder. The proposed sale of the Property is in the best interests of the Debtors' estate and its creditors.

        H.    Sale of the Property pursuant to section 363(f) of the Bankruptcy Code is appropriate, because the Trustee has satisfied one or more of the requirements of section 363(f) of the Bankruptcy Code.

        I.    The Auction Sale was fair and reasonable, and at arm's length and in good faith as that term is used at section 363(m) of the Bankruptcy Code. The Trustee, the Successful Bidder and the Second Highest Bidder have acted in good faith and the purchase of the Property by the Successful Bidder or the Second Highest Bidder is deemed to be in good faith.

        J.    Waiver of the 14-day automatic stay under Bankruptcy Rule 6004(h) is appropriate under the circumstances.

Based upon the foregoing findings of fact and conclusions of law, it is hereby **ORDERED** that:

1. The Motion is approved as set forth herein.

2. The foregoing findings of fact and conclusions of law are incorporated herein by reference

3. Pursuant to 11 U.S.C. §§ 363(b) and (f), the Trustee be, and he hereby is authorized to sell the Property to the Successful Bidder or, if the Successful Bidder fails to close, to the Second Highest Bidder, free and clear of all liens, claims and interests of entities other than the estate of whatever kind or nature, with such liens, claims, interests and encumbrances, if any, to remain in place pending the occurrence of the closing of the sale of the Property, and to attach to the proceeds of the Auction Sale with the same force, validity, effect, priority and enforceability as they existed immediately prior to the date of the Auction Sale; *provided, however*, that at the discretion of the Senior Lender, at the request of the Successful Bidder or, if the Successful Bidder fails to close, the Second Highest Bidder, the Property may be transferred subject

to the lien of the Senior Lender's mortgage, which may assigned to an assignee or designee of the Senior Lender.

4. The Successful Bidder, or the Second Highest Bidder if the Successful Bidder fails to close, is directed to close on the sale in accordance with the Terms and Conditions of Sale approved by the Sale Procedures Order, and such Terms and Conditions of Sale are hereby incorporated into and made a part of this Order.

5. Pursuant to 11 U.S.C. § 363(m), if any or all of the provisions of this Order are reversed, modified, vacated or stayed by subsequent order of this Court or any other court, such reversal, modification, vacatur or stay shall not affect the validity and the enforceability of any obligation, debt or claim incurred or granted or sale made pursuant to this Order, and notwithstanding any stay, reversal, modification or vacatur of this Order, any sale or other obligation of the parties pursuant to this Order arising prior to the effective date of any such stay, reversal, modification or vacatur shall be governed in all respects by the original provisions of this Order.

6. All objections to the Motion and the sale of the Property, to the extent not withdrawn or resolved, are denied in all respects.

7. The sale of the Property is exempt from the automatic stay requirement of Bankruptcy Rule 6004(h).

8. The Trustee is authorized to execute all documents and take all actions necessary to close on the sale of the Property in accordance with the Terms and Conditions of Sale, the Senior Lender Stipulation (as that term is defined in the Motion), and this Order.

9. The Trustee (a) is authorized to pay all closing costs, fees, and expenses of the sale, including without limitation the broker commission and fees of MYC & Associates, Inc. ("MYC") as provided in the Order authorizing MYC's retention [doc 8] and the Senior Lender

Stipulation, and (b) is authorized and directed to pay the Senior Lender's Allowed Claim (as defined in the Senior Lender Stipulation) in accordance with and subject to the terms and conditions of the Senior Lender Stipulation.

        10.    This Court shall retain jurisdiction with respect to any dispute under this Order.

Dated:  White Plains, New York
         June __, 2022

                                          Hon. Robert D. Drain
                                          United States Bankruptcy Judge